# ORIGINAL

## In the United States Court of Federal Claims

No. 15-360C
(Filed: October 30, 2015)

* * * * * * * * * * * * * * * * * * * * * *

ISRAEL OWEN HAWKINS, JR.,

      *Plaintiff,*

v.

THE UNITED STATES,

      *Defendant.*

* * * * * * * * * * * * * * * * * * * * * *

**FILED**

**OCT 3 0 2015**

U.S. COURT OF
FEDERAL CLAIMS

### ORDER

On April 9, 2015, plaintiff filed his complaint against the United States. We understand plaintiff's complaint as alleging that the Government wrongfully interfered with his property rights through unlawful market manipulation and devaluation of his common stock shares in his company, Petro America, so as to result in the unconstitutional deprivation of just compensation in violation of the Takings Clause of the Fifth Amendment. Plaintiff seeks $25 billion in actual and punitive damages, as well as injunctive relief.

### BACKGROUND

Plaintiff alleges that the federal government destroyed the value of his shares in a company that he started, Petro America. These claims relate to a criminal investigation into plaintiff's business activities with Petro America, which resulted in criminal conviction for various crimes including securities fraud and conspiracy. As far as we understand, plaintiff contends that during the course of the investigation, defendant manipulated the market through negative press releases about plaintiff's company, which in turn devalued his shares. According to plaintiff, this devaluation of his shares constituted a taking without just compensation.

Pending is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), filed June 8, 2015. Defendant argues that this court does not possess jurisdiction over the Government's decision to investigate and bring criminal charges against a plaintiff, and that property seized during a criminal investigation cannot constitute a taking. Defendant further argues that the court does not have jurisdiction over claims against the various Government employees identified in the complaint, is without power to award declaratory or injunctive relief in this circumstance, and is without power to award punitive damages. Lastly, defendant contends that even if this court possesses jurisdiction, the Government's action was not a taking because property seized during a criminal investigation is not taken for public use. Plaintiff did not respond to the government's motion to dismiss.

## DISCUSSION

The Tucker Act gives this court jurisdiction over claims against the United States founded upon the Constitution, any Act of Congress or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2011). However, not every claim involving the Constitution is within the jurisdiction of this court. *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605 (1967). The Constitutional provision, statute, or regulation upon which the claim is based must be money-mandating. *Fisher v. United States*, 402 F.3d 1167, 1173 (2005). Moreover, this court has no jurisdiction to award punitive damages. *Environmental Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 98 (2010). Claims under the Takings Clause, however, are within this court's Tucker Act jurisdiction. *Howard v. United States*, 106 Fed. Cl. 343, 354 (2012).

When deciding a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and must draw all reasonable inferences in the non-movant's factor. *Uusi, LLC v. United States*, 110 Fed. Cl. 604, 608 (2013). Although pro se plaintiffs are held to a more lenient standard, the plaintiff still has the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Barnes v. United States*, 122 Fed.Cl. 581, 582 (2015).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must plead plausible facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 583 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court will grant a motion to dismiss for failure to state a claim when it is clear that the plaintiff can prove no set of facts that would entitle him to relief. *Id.*

As stated above, we are without power to award punitive damages to plaintiff. *Environmental Safety Consultants*, 95 Fed. Cl. At 98. Moreover, we do not have jurisdiction over private individuals as defendants, and therefore cannot adjudicate any of plaintiff's claims with respect to the numerous individuals he named as defendants in their individual capacity in his complaint. *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009). However, with regard to plaintiff's claims that the Government has interfered with the use and enjoyment of his property without awarding just compensation, we do have jurisdiction, as this constitutes a claim under the Fifth Amendment Takings Clause. Nonetheless, we grant defendant's motion to dismiss because plaintiff has failed to state a claim upon which relief can be granted.

To the extent that plaintiff alleges that the devaluation of his shares was, in effect, a seizure of his property, he cannot sustain a takings claim. Property seized during the course of a criminal investigation is taken pursuant to a government power other than eminent domain, and therefore is not taken for "public use" as required to state a claim under the Takings Clause. *See Amerisource Corp v. United States*, 525 F.3d 1149, 1153-54 (Fed. Cir. 2008). Accordingly, any interference with plaintiff's property rights did not constitute a taking for "public use" and plaintiff has failed to state a claim pursuant to the Takings Clause of the Fifth Amendment.

If plaintiff is alleging anything other than a physical invasion of his property, the only other viable takings claim under the Fifth Amendment is a regulatory taking. This type of taking occurs when a regulation has deprived the owner's property of its entire economically beneficial or productive use. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992). Plaintiff's complaint has made no mention of regulatory interference with his property, and thus he cannot maintain a takings claim under this theory.

CONCLUSION

We therefore dismiss, without prejudice, those portions of plaintiff's complaint directed at defendants other than the United States, as well as his claims for punitive damages and equitable relief. The remainder of plaintiff's

complaint we dismiss pursuant to RCFC 12(b)(6), as plaintiff has failed to provide any set of facts that would entitled him to relief under the Takings Clause of the Fifth Amendment. The clerk of court is directed to enter judgment accordingly.  No costs.

ERIC G. BRUGGINK
Judge